**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **ORTHOSIE SYSTEMS, LLC,**<br><br>    **Plaintiff,**<br><br>    **v.**<br><br>**VESTIGO, INC.;**<br><br>    **Defendant.** | **CIVIL ACTION NO.: 4:16-cv-867**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

1.     This is an action for patent infringement in which Orthosie Systems, LLC ("OS" or "Plaintiff"), makes the following allegations against Vestigo, Inc. ("Vestigo" or "Defendant").

## PARTIES

2.     Plaintiff Orthosie Systems, LLC ("Plaintiff" or "OS") is a Texas limited liability company with a principal place of business at 1333 W. McDermott Drive, Suite 200, Allen, Texas 75013.  Plaintiff's president is Daniel F. Perez.

3.     On information and belief, Vestigo is a Delaware corporation having a principal place of business at 14537 West Grand, Suite 140-18, Surprise, AZ 85374. Vestigo does not appear to have a Registered Agent for service of process in Texas, but Vestigo's Registered Agent in Arizona is Clifford Leatherwood at 14537 West Grand, Suite 140-18, Surprise, AZ 85374.

## JURISDICTION AND VENUE

4.     This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). Plaintiff's principal place of business is within this district. On information and belief, Defendant

has transacted business in this district, and has committed acts of patent infringement in this district.

6.      On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

<u>COUNT I</u>
<u>INFRINGEMENT OF U.S. PATENT NO. 7,430,471</u>

7.      Plaintiff is the owner by assignment of the valid and enforceable United States Patent No. 7,430,471 ("the '471 Patent") entitled "Method and System for Monitoring a Vehicle" – including all rights to recover for past and future acts of infringement. The '471 Patent issued on September 30, 2008. A true and correct copy of the '471 Patent is attached as Exhibit A.

8.      Upon information and belief, the Defendant – either directly, or through intermediaries including distributors, wholesalers, partners, contractors, retailers, employees, divisions, branches, subsidiaries, parents, or suppliers – made, had made, used, operated, imported, provided, supplied, distributed, offered for sale, sold, and/or rented Vestigo hardware and/or devices including, but not limited to, Vestigo's 360F and TE Series tracking devices (collectively, "Vestigo Tracking Devices").

9.      Upon information and belief, the Defendant – either directly, or through intermediaries including distributors, wholesalers, partners, contractors, retailers, employees, divisions, branches, subsidiaries, parents, or suppliers – made, had made, used, operated, imported, provided, supplied, distributed, sold, and/or offered for sale assert tracking software systems, cloud-based software, software as a service (SaaS) and/or mobile applications that include, but are not limited to Vestigo's 360F fleet tracking platform(s) ("Vestigo's Tracking Software").

10.     Upon information and belief, Vestigo's Tracking Device is built, designed, manufactured, marketed, rented, and/or sold to operate in conjunction with Vestigo's Tracking Software.

11.     Upon information and belief, Vestigo's Tracking Device operates in conjunction with Vestigo's Tracking Software (collectively, "Vestigo Tracking System") to provide a user with a central monitoring and/or control interface on a desktop or mobile computing device.

12.     Upon information and belief, Vestigo's Tracking Systems operate such that a user's central monitoring and/or control interface receives and/or sends data transmissions or signals from and/or to a Vestigo Tracking Device installed in a vehicle or other mobile asset.

13.     Upon information and belief, Vestigo's Tracking Systems operate such that a user's central monitoring and/or control interface receives and/or sends data transmissions or signals from and/or to a Vestigo Tracking Device indicating movement or activation of a vehicle or other mobile asset.

14.     Upon information and belief, Vestigo's Tracking Systems operate such that a user's central monitoring and/or control interface receives and/or sends data transmissions or signals from and/or to a Vestigo Tracking Device indicating identification of the driver or other operator of a vehicle or other mobile asset.

15.     Upon information and belief, Vestigo's Tracking Systems operate such that a user's central monitoring and/or control interface receives and/or sends data transmissions or signals from and/or to a Vestigo Tracking Device indicating time(s) of activation or operation of a vehicle or other mobile asset.

16.     Upon information and belief, Vestigo's Tracking Systems operate such that a user's central monitoring and/or control interface receives and/or sends data transmissions or signals from and/or to a Vestigo Tracking Device indicating location of a vehicle or other mobile asset.

17.     Upon information and belief, Vestigo's Tracking Systems operate such that a user's central monitoring and/or control interface receives and/or sends data transmissions or signals from and/or to a Vestigo Tracking Device indicating location of a landmark or other geographic reference point.

18.     Upon information and belief, Vestigo's Tracking Systems operate such that a user's central monitoring and/or control interface receives and/or sends data transmissions or signals from and/or to a Vestigo Tracking Device indicating location of a vehicle or other mobile asset in relation to a landmark or other geographic reference point.

19.     Upon information and belief, Vestigo's Tracking Systems operate such that a user's central monitoring and/or control interface receives and/or sends data transmissions or signals from and/or to a Vestigo Tracking Device utilizing Global Positioning System (GPS) receivers and/or transmitters.

20.     Upon information and belief, Vestigo's Tracking Systems operate such that a user's central monitoring and/or control interface receives and/or sends data transmissions or signals from and/or to a Vestigo Tracking Device including vehicle and/or engine operation or diagnostic data.

21.     Upon information and belief, users, customers, subscribers, and/or operators of Vestigo's Tracking Systems are under the direction and control of Vestigo while utilizing Vestigo's Tracking Systems.

22.     Upon information and belief, the Defendant's Vestigo Tracking Systems, when used and/or operated in their intended manner or as designed, infringe one or more claims of the '471 Patent, and Defendant is therefore liable for infringement of the '471 Patent.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a.     A judgment in favor of Plaintiff that Defendant has directly infringed the '471 Patent;

b.     A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the '471 Patent;

[4]

c.      A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the '471 Patent as provided under 35 U.S.C. § 284;

d.      An award to Plaintiff for enhanced damages resulting from the knowing and deliberate nature of Defendant's prohibited conduct with notice being made at least as early as the service date of this complaint, as provided under 35 U.S.C. § 284;

e.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

f.      Any and all other relief to which Plaintiff may show itself to be entitled.


Dated:  November 11, 2016                       Respectfully Submitted,

                                                **ORTHOSIE SYSTEMS, LLC**

                                        By:  /s/ Ronald W. Burns
                                                Ronald W. Burns
                                                Texas State Bar No. 24031903
                                                972-632-9009
                                                rburns@burnsiplaw.com
                                                Mazin A. Sbaiti
                                                Texas State Bar No. 24058096
                                                972-788-1400
                                                sbaitiandcompany@gmail.com
                                                Sbaiti & Co., PLLC
                                                5307 E. Mockingbird Lane, 5th Floor
                                                Dallas, Texas  75206

                                                **ATTORNEYS FOR PLAINTIFF**
                                                **ORTHOSIE SYSTEMS, LLC**